## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Shawn Canada, | Case No. 21-cv-2085 (DSD/TNL) |
| Plaintiff, | |
| v. | **REPORT & RECOMMENDATION** |
| Jodi Williamson, James Johnson, Alex Bunger, James Eric Hasse, and Mark Ostrem, | |
| Defendants. | |

This matter is before the Court on pro se Plaintiff Shawn Canada's Complaint, ECF No. 1; applications for leave to proceed *in forma pauperis*, ECF Nos. 3 and 6; and "Petition for Harassment and Restraining Order," ECF No. 4, which the Court has construed as a motion for a temporary restraining order ("TRO").

Canada is a prisoner, so his Complaint is subject to review under the terms of 28 U.S.C. § 1915A(b). Section 1915A provides that any civil action brought by a prisoner against a governmental entity or employee must be screened as soon as practicable. 28 U.S.C. § 1915A(a). If a prisoner's complaint fails to state an actionable claim for relief, it must be summarily dismissed. 28 U.S.C. § 1915A(b). For reasons explained herein, this Court recommends that Canada's Complaint be dismissed for failure to state a claim; his applications to proceed in forma pauperis be denied as moot; and his motion for a TRO be denied.

1

## I. LEGAL STANDARD

To state an actionable claim for relief, a plaintiff must allege a specific set of facts, which, if proven true, would entitle him to some appropriate relief against the named defendants under some cognizable legal theory. In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Additionally, federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).

## II. CANADA'S COMPLAINT & LITIGATION HISTORY

Canada's Complaint is four pages long. These pages consist primarily of the case caption, a list of federal statutes, addresses for three of the five named defendants, and a list of records Canada requests be released. *See generally* Compl. at 1-4. Attached to the Complaint is a "Notice of Judicial Determination" dated August 31, 2021, issued by the Honorable Jodi Williamson in state district court in Olmsted County, Minnesota. *See generally* ECF No. 1-1 at 1-2. Canada requests: (1) "a federal court court [sic] to retrieve

D.F.O. community supervision of myself"; (2) "a federal court order & a civil remedy of racketeering"; and (3) the release of certain specified records, including but not limited to treatment records, criminal records, and employment records. Compl. at 1-2, 4. The Complaint does not contain any details about the facts or events giving rise to the requested relief.

Canada has a history of litigation in this District. The complaints he filed in 2017 and 2018 were ultimately dismissed for failure to prosecute. *See Canada v. Harleen*, No. 17-cv-1471 (JNE/SER) (D. Minn. 2017); *Canada v. Haugen et al.*, No. 18-cv-3182 (PAM/KMM) (D. Minn. 2018). He also filed two habeas corpus matters during the same period. *Canada v. Miles*, 17-cv-1043 (JNE/SER) (D. Minn. 2017); *Canada v. Snell*, 19-cv-764 (JRT/SER) (D. Minn. 2018).

More recently, Canada has filed eight civil cases since August 2021. Four of these cases have been dismissed for failure to state a claim. *Canada v. All Members of Damascus Way Staff, et al.*, No. 21-cv-1904 (SRN/LIB) (D. Minn. 2021); *Canada v. Stehr, et al.*, 21-cv-2188 (SRN/ECW) (D. Minn. 2021); *Canada v. Antony, et al.*, No. 21-cv-2204 (PAM/JFD) (D. Minn. 2021); *Canada v. MCF/Faribault Staff of Mailroom, et al.*, No. 21-cv-2228 (NEB/TNL) (D. Minn. 2021). A fifth was dismissed for lack of jurisdiction, or alternatively for failure to state a claim. *Canada v. Kroening*, No. 21-cv-2273 (SRN/KMM) (D. Minn. 2021). Three others, including this one, remain pending before the Court. *Canada v. Williamson, et al.*, No. 21-cv-2085 (DSD/TNL) (D. Minn. 2021); *Canada v. Olmsted County Community of Corrections, et al.*, No. 21-cv-2120 (NEB/DTS); *Canada v. Davis, et al.*, 21-cv-2186 (JRT/HB).

### III.     ANALYSIS

#### A.  Racketeering Claims

Canada seeks to bring claims for racketeering activity, citing a host of federal statutes.  Compl. at 2.  Two of them—18 U.S.C. §§ 1961 and 1962—are part of what is commonly known as the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68.[1]  RICO gives civil remedies to "[a]ny person injured in his business or property by reason of a violation of [18 U.S.C. § 1962]."  18 U.S.C. § 1964(c).

Canada does not specify what type of injury, if any, he has sustained, nor does he explain what the defendants did that constituted racketeering.  Accordingly, this Court recommends that Canada's racketeering claims be dismissed for failure to state a claim under § 1915A(b).

#### B.  Obstruction-of-Justice Claims

The remaining federal statutes cited by Canada are all criminal statutes concerning the obstruction of justice.  Section 1503 prohibits influencing or injuring an officer or juror.  18 U.S.C. § 1503.  Section 1510 prohibits the obstruction of criminal investigations.  18 U.S.C. § 1510.  Section 1512 prohibits tampering with a witness, victim or informant.  18 U.S.C. § 1512.  Section 1513 prohibits retaliating against a witness, victim or an informant.  18 U.S.C. § 1513.

---

[1] The other four—18 U.S.C. §§ 1503, 1510, 1512 and 1513—refer to the obstruction of justice and will be discussed separately.

As with his racketeering claims, Canada has not provided any factual allegations in support of his obstruction-of-justice claims. Moreover, these statutes provide *criminal penalties* for the obstruction of justice.

> It is well-established that criminal statutes are public in nature, prosecuted in the name of the United States to protect society's interest in security, fairness and freedom. The presence of a criminal statute neither creates nor implies a corresponding private right of action. Private citizens . . . do not have standing to enforce criminal statutes or have them enforced. Simply stated, private citizens generally have no standing to institute federal criminal proceedings.

*Kunzer v. Magill*, 667 F. Supp. 2d 1058, 1061 (D. Minn. 2009) (citations omitted); *see Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). And, courts have held that there is no private right of action under the obstruction-of-justice statutes. *See, e.g.*, *Horde v. Elliot*, No. 17-cv-800 (WMW/TNL), 2018 WL 987683, at *9 (D. Minn. Jan. 9, 2018) (citing cases), *report and recommendation adopted*, 2018 WL 985294 (D. Minn. Feb. 20, 2018); *see also Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) ("[P]rivate rights of action to enforce federal law must be created by Congress.").

Accordingly, the Court likewise recommends that Canada's obstruction-of-justice claims premised on federal criminal statutes be dismissed for failure to state a claim under § 1915A(b).

### C. Remaining Claims/Allegations

In addition to the federal statutes discussed above, Canada requests that a federal court "retrieve D.F.O. community supervision" over him and order the release of certain

5

specified records. As with his racketeering and obstruction-of-justice claims, Canada has not provided any factual allegations showing that he is entitled to the relief sought. Nor has he articulated any sort of cognizable legal theory under which he might be entitled to such relief. Therefore, to the extent these requests for relief could be construed as additional claims, the Court similarly recommends that they be dismissed for failure to state a claim under § 1915A(b).

### IV. MOTION FOR A TEMPORARY RESTRAINING ORDER

Canada has also moved for a TRO against Judge Williamson under "Minn. Stat. § 609.748," which authorizes "[a] person who is a victim of harassment . . . [to] seek a restraining order." Minn. Stat. § 609.748, subd. 2. Canada states that Judge Williamson has denied "his U.S. Const. Amend. #6[,] speedy trial, U.S. Const. Amend. #14, and anti trust, slander, defamation of character without a trial, pattern of racketeering activities, 18 U.S.C. [§] 1511, 18 U.S.C. § 1512 privacy, security, safety." Motion for TRO at 1. Canada further states that, from 2010 to 2021, Judge Williamson "has denied him his own records, and this harassment looks like will [sic] continue because [he] is a *black male*." Motion for TRO at 2.

To the extent that Canada seeks a harassment restraining order under Minn. Stat. § 609.748, Canada has not complied with the statute's requirements, including but not limited to that he "stat[e] the specific facts and circumstances from which relief is sought." Minn. Stat. § 609.748, subd. 3. At a minimum, the Court is left to guess from Canada's filing what the particular facts and circumstances are that give rise to the requested harassment restraining order.

To the extent Canada seeks a TRO under federal law, he does not qualify for relief under Federal Rule of Civil Procedure 65. Under Rule 65, a TRO may be issued without notice to the adverse party if "specific facts . . . clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and the movant "certifies in writing any efforts made to give notice and the reasons why [notice] should not be required." Fed. R. Civ. P. 65(b)(1)(A)-(B). The issuance of a TRO "involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflect on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981). A TRO is "an extraordinary remedy and the burden of establishing the propriety of an injunction is on the movant." *Watkins, Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003) (internal citations omitted). The purpose of a TRO is "to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (considering in context of preliminary injunction).

Although Canada asserts that he has suffered a variety of alleged harms for more than 10 years, a "court will not grant a TRO in order to cure alleged past harms." *Berkley Risk Administrators Co., LLC v. Accident Fund Holdings, Inc.*, No. 16-cv-2671(DSD/KMM), 2016 WL 4472943, at *2 (D. Minn. Aug. 24, 2016). Nor can Canada rest on a mere possibility or risk of future harm. *See id.* at *4; *see also, e.g.*, *Chlorine Inst., Inc. v. Soo Line R.R.*, 792 F.3d 903, 915 (8th Cir. 2015) ("Merely demonstrating the

7

possibility of harm is not enough." (quotation omitted)); *S.J.W. ex rel. Wilson v. Lee's Summit R-7 Sch. Dist.*, 696 F.3d 771, 779 (8th Cir. 2012) ("Speculative harm does not support a preliminary injunction."). "There must be a clear showing of immediate irreparable injury." *Berkley Risk Administrators Co.*, 2016 WL 4472943, at *4 (quotation omitted). Canada has made no such showing here. Additionally, for the reasons stated above, Canada cannot show a likelihood of success on the merits because the Court is recommending that his case be dismissed in its entirety for failure to state a claim. Therefore, this Court recommends that Canada's motion for a TRO be denied as well.

## V. RECOMMENDATION

In sum, the Court recommends that this case be dismissed in its entirety for failure to state a claim under § 1915A(b). Under the Supreme Court's recent holding in *Lomax v. Ortiz-Marquez, et al.*, 140 S. Ct. 1721, 1727 (2020) a dismissal for failure to state a claim with or without prejudice counts as a strike under the three-strike provision of the Prison Litigation Reform Act or 1995 ("PLRA"). The PLRA specifically provides that, a prisoner cannot qualify for *in forma pauperis* status to bring a new civil action, or appeal the judgment in a civil action, if on three or more prior occasions while incarcerated or detained that prisoner has brought an action or appeal that was dismissed as frivolous, malicious, or for failure to state a claim.[2] 28 U.S.C. § 1915(g). Canada should bear in mind that if he continues to file cases that get dismissed for failure to state a claim, he may ultimately strike out under the PLRA. If he strikes out, he will be required to pay the full civil filing

---

[2] There is an exception, however, if "the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

8

fee to initiate a new civil case, unless he qualifies for the imminent danger exception of § 1915(g).

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Canada's Complaint, ECF No. 1, be **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b).

2. Canada's motions to proceed *in forma pauperis*, ECF Nos. 3 and 6, be **DENIED AS MOOT**.

3. Canada's motion for a TRO, ECF No. 4, be **DENIED**.


Dated: December   13   , 2021                    *s/ Tony N. Leung*
                                                 Tony N. Leung
                                                 United States Magistrate Judge
                                                 District of Minnesota


                                                 *Canada v. Williamson et al.*
                                                 Case No. 21-cv-2085 (DSD/TNL)


### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).